## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA,**

v.                        CASE NO.: 8:21-cr-00218-WFJ-AAS-3

**LEVI SHARP,**

_____/

### LEVI SHARP SENTENCING MEMORANDUM

Defendant, Levi Sharp ("Defendant" or "Mr. Sharp"), by and through undersigned counsel, hereby files this sentencing memorandum and requests a downward variance as follows:

**I.    Procedural History:**

On July 1, 2021, Mr. Sharp was indicted with multiple co-defendants. Mr. Sharp was initially denied any form of pretrial release. Doc. 228. On January 14, 2022, Mr. Sharp signed a plea agreement with the United States which was filed on January 26, 2022. Pursuant to the Plea Agreement, Mr. Sharp entered a guilty plea as to Count Two of the Indictment only. The Court accepted the Guilty Plea on March 8, 2022. Mr. Sharp's sentencing has been postponed since that time due to him being a witness in his co-defendants' trial.

On June 28, 2023, the Court granted a Motion for Bond and Mr. Sharp was released from custody. Doc. 812. He has been compliant with all terms of pretrial release since that time.

On February 23, 2024, Mr. Sharp testified for several hours during his co-defendants' trial. That trial resulted in the convictions of Mr. Maher, Mr. Welch, Mr. Williamson, and Mr. Marshall. Mr. Sharp is also expected to testify at an upcoming trial for the final co-defendant, Mr. Fisher.

In the time that this matter has been pending, Mr. Sharp's co-defendants have been sentenced as follows:

**Mr. Mapoles** – Pleaded guilty to four counts of Conspiracy to Commit Assault in Aid of Racketeering Activity. Sentenced on July 26, 2023, to 24 months of imprisonment with three years of supervised release.

**Mr. Howell** – Pleaded guilty to two counts of Conspiracy to Commit Assault in Aid of Racketeering Activity and one count of Assault in Aid of Racketeering Activity. Sentenced on April 12, 2022, to 85 months imprisonment with three years of supervised release.

**Mr. Howard** - Pleaded guilty to two counts of Conspiracy to Commit Assault in Aid of Racketeering Activity. Sentenced on January 31, 2022, to 23 months of imprisonment with one year of supervised release.

**Mr. McLaughlin** - Pleaded guilty to two counts of Conspiracy to Commit Assault in Aid of Racketeering Activity. Sentenced on January 19, 2022, to 41 months of imprisonment with one year of supervised release.

**Darrin Terranova** – Pleaded guilty to Conspiracy to Commit Assault in Aid of Racketeering Activity. Sentenced on October 18, 2022, to 5 years on probation.

One other defendant, Mr. Andrews, has pled guilty to one count of Assault in Aid of Racketeering Activity and one count of Conspiracy to Commit Assault in Aid of Racketeering Activity. Mr. Andrews' sentencing is still pending.

## II.   Sentencing Factors Under 18 U.S.C. § 3553:

Following *United States v. Booker*, 543 U.S. 220 (2005), sentencing now requires two steps.  The Court should first calculate the applicable sentencing range under the Sentencing Guidelines. *Gall v. United States*, 128

S.Ct. 586, 596 (2007). The Court should then impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cavera*, 505 F.3d 216, 220 (2d Cir. 2007). A "reasonable" sentence is one that is "sufficient, but not greater than necessary, to comply with the purposes" of criminal punishment: retribution, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a); see also S. Rep. No. 98-225, at 75-76 (1983).

The United States Supreme Court has recognized that a guidelines sentence is not always appropriate. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) (*citing Booker*, 543 U.S. at 259, 260)). Rather, courts should exercise "reasoned sentencing judgment" by making "an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors." *Id*. In other words, the Court should ultimately derive a sentence based upon the factors of § 3553(a) "without any thumb on the scale favoring a guideline sentence." *United States v. Sachsenmaier*, 491 F.3d 680, 685 (7th Cir. 2007).

The Supreme Court ratified the holding of *Rita* and affirmed the wide discretion district courts have in determining sentences. In *Gall*, the Court held that sentencing judges "must make an individualized assessment" of the § 3553 factors and "may not presume that the Guidelines range is

reasonable." *Id*. at 589. In holding that appellate courts may not apply a presumption of unreasonableness to sentences outside the guidelines range, the Court reasoned that the "sentencing judge is in a superior position to find facts and judge their import." *Id*. at 597.

### A. Nature of Offense and Individual Defendant Characteristics

Mr. Sharp has an eighth-grade education but maintains steady employment. Mr. Sharp is also a caring father and husband. His criminal history consists mostly of misdemeanors and suspended drivers' license issues. Notably, it was during his one prison sentence, while being held in State custody, that Mr. Sharp was first introduced to the organization at the heart of this case.

The allegations against Mr. Sharp pertain to his involvement in an attack on C.L. While the details of the harm inflicted on C.L. should not be taken lightly, it should be noted that Mr. Sharp intervened to assist C.L. on multiple occasions during the attack.

In addition, Mr. Sharp anticipates that the government will recognize his cooperation during the investigation and trials. This issue is expected to be discussed at length during the sentencing hearing.

### B. The Kinds of Sentences Available

Mr. Sharp has already served approximately two years of incarceration in this matter. In the approximately nine months he has been released on pretrial release, Mr. Sharp has had zero issues complying with his pretrial conditions. A non-incarceration sentence would allow Mr. Sharp to both continue treatment for his significant medical needs and seek improvement through alcohol abuse treatment. As can be seen from his pretrial compliance, a non-incarceration supervised release sentence is a viable option.

### C. The Need to Avoid Unwarranted Sentencing Disparity

Mr. Sharp's codefendants that have been sentenced to incarceration all faced to multiple counts, each representing different violent crimes. The one co-defendant with a single conviction similar to, but admittedly not the same as Mr. Sharp's, was sentenced to probation. Due to Mr. Sharp's cooperation, his only being convicted on one count, and his relatively low offense level, Mr. Sharp should not be re-incarcerated.

### III.  Motion for Downward Variance

Mr. Sharp's acceptance of responsibility was immediate and sincere. He renounced membership in the Unforgiven and became a government witness which now subjects him to a constant threat of violence. If Mr. Sharp were to be sentenced to a term of incarceration and become an inmate, he will face certain retaliation. He has provided a reliable, post arrest statement, several proffers, and testified at trial.  Mr. Sharp also would like to seek treatment for his alcohol abuse issues.  Given Mr. Sharp's full acceptance of responsibility upon arrest, and that he is now subjected to significant risk of harm due to his cooperation in this case, while punishment is appropriate and deserved, a substantial variance from the advisory Guideline sentence is warranted.

Dated: March 14, 2024                    Respectfully Submitted,

                                            **SHRADER, MENDEZ & O'CONNELL**
                                            612 W. Bay St.
                                            Tampa, Florida 33605
                                            Phone: (813) 360-1529
                                            Fax: (813) 336-0832


                                            /s/Brian Shrader_____
                                            **BRIAN L. SHRADER, ESQ.**

>Florida Bar No. 57251
>e-mail: bshrader@shraderlawfirm.com
>*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2024, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

>/s/Brian Shrader
>*Attorney*