IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                          CASE No.: 8:21-CR-218-WFJ-AAS

JOSHUA WILLIAMSON,
    Defendants

### SENTENCING MEMORANDUM OF THE DEFENDANT, <u>JOSHUA WILLIAMSON</u>

COMES NOW Defendant, JOSHUA WILLIAMSON, by and through undersigned counsel, and hereby submits the following memorandum of fact and law for consideration by the Court at sentencing:

**UNDER 18 U.S.C. §3553(a) (1)-(7), THE COURT SHALL IMPOSE A SENTENCE SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE PURPOSES SET FORTH IN PARAGRAPH (2) OF THIS SUBSECTION.**

**GROUNDS FOR A VARIANCE:**

While this Court must still correctly calculate the guideline range, (<u>See</u> <u>Gall v. United States</u>, 552 U.S. 38, 49 (2007)); it may not treat that range as mandatory or presumptive. <u>Id</u>. at 51; <u>See</u> <u>Also</u> <u>Nelson v. United States</u>, 555 U.S. 350, 352 (2009).

The Sentencing Court must treat it as "one factor among several" to be considered in imposing an appropriate sentence under § 3553(a).   See *Kimbrough v United States*, 552 U.S. 85, 90 (2007).   The Court must "consider all of the § 3553(a) factors," "make an individualized assessment based on the facts presented," *id*. at 49-50, and explain how the facts relate to the purposes of sentencing.  *Id*. at 53-60; See Also *Pepper v. United States*, 131 S. Ct. 1229, 1242-43 (2011).  The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing."  *Id*. at 101; *Pepper*, 131 S. Ct. at 1242-43.

A key component of Supreme Court law, designed to ensure that the guidelines are truly advisory and constitutional, is the authority of this Court to disagree with a guideline as a matter of policy.   Because "the Guidelines are now advisory ..., as a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough*, *supra*, 552 U.S. at 101-02; (citing *Rita v. United States*, 551 U.S. 338, 351 (2007); district courts may find that the "Guidelines sentence itself fails properly to reflect § 3553(a) considerations").   As the Supreme Court held in *Kimbrough*:

"[B]ecause the cocaine Guidelines, like all other Guidelines, are

–2–

advisory only,"… it "would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case."

*Kimbrough*, *supra*, 552 U.S. at 91, 109-10;

This Court must consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  *See* 18 U.S.C. § 3553(a)(6).  Whether any difference among sentences is warranted or unwarranted depends on the individual circumstances of each case and their relationship to the purposes of sentencing. "Unwarranted disparity is defined as different treatment of *individual* offenders who are similar in relevant ways, or similar treatment of *individual* offenders who differ in characteristics that are relevant to the purposes of sentencing."   U.S. Sentencing Commission, "*Fifteen Years of Guidelines Sentencing:   An Assessment of How Well the Federal Criminal Justice System Is Achieving the Goals of Sentencing Reform"* at 113 (2004).

As stated in the Presentence Investigation Report, paragraph #167:

The defendant's mental health is considered a factor that may warrant a sentence outside of the Advisory Guideline Range.

Pursuant to 18 U.S.C. § 3553(a)(1) - (7), the Defendant's substance abuse issues, and needed treatment may be considered by the Honorable Court as grounds for a variance in the Defendant's sentence.

Therefore, the Defendant respectfully requests that this Honorable Court determine that the Defendant qualifies for a downward variance in his sentence.

## CONCLUSION

The Court's "overarching" duty is to "'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Id*. at 101; *Pepper*, 131 S. Ct. at 1242-43. Additionally, the Court must consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6).

The Defendant respectfully request that the Court grant a downward departure, or variance, pursuant to 18 U.S.C. §3553(a)(1) - (7), based upon the information provided herein.

Respectfully Submitted,

*s/ David A. Dee*
DAVID A. DEE, ESQUIRE
311 S. Brevard Avenue
Tampa, Florida 33606
(813) 258-0406
Florida Bar No. 397891
daviddeelaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Samantha Elizabeth Beckman, AUSA, and
David Sullivan, AUSA
Assistant United States Attorneys
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602

                                                                  ***s/ David A. Dee***
                                                                   DAVID A. DEE, ESQUIRE