UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

    v.                        CASE NO. 8:21-cr-218-WFJ-AAS

BRANDON WELCH
    a/k/a "Scumbag"

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States is seeking a sentence of 240 months as to Brandon Welch. The United States objects to the guideline calculation of Brandon Welch because the final PSR fails to consider the facts, as required, in determining the appropriate cross reference guideline. Because the United States presented evidence sufficient to support an attempted murder, the United States believes the appropriate guideline is USSG § 2A2.2, resulting in a base offense level of 33.

## MEMORANDUM OF FACT

At trial the jury reviewed video and heard testimony from prison staff about the brutal attack of J.T. The jury heard how Welch and his co-defendant Joshua Williamson armed themselves with shanks, measuring 10 inches and 8.5 inches, and used them to stab J.T. twelve times. The jury heard how J.T. had a significant wound exposing part of his intestines and how J.T. had to be flown to a hospital for urgent care. These actions were aimed to kill J.T. Rather than merely seeking to cut

off/slash out J.T.'s patch and revoke membership, Welch acted with the intent to kill J.T.

Welch and his co-defendant stabbed J.T. twelve times on his head, back, arm, and abdomen, resulting in significant injury to J.T. This attack was pre-meditated and brutal. The Unforgiven constitution recognizes necessary extreme acts of violence for those members who "put a brother in harm's way." At trial, it was established that certain violations would warrant a "KOS" or "kill on sight." Testimony also established that Welch wrote to Christina Kingsley and spoke with her on the phone regarding J.T.

Testimony at trial established that Welch vouched for Williamson's patch, which was put on him by co-defendant Levi Sharp in USMS custody, in recognition of the attack on J.T. Welch wrote a letter in late January 2024 where he gives a sort of biography of his prison experience, noting he has been on close management (CM) twice because "I stab people, but they deserve it. It's kinda my thing." Welch goes on to note that he is "not known for playin' well with others." Welch describes one of his tattoos as a modified Converse logo with Unforgiven and All-star written in the logo.

## MEMORANDUM OF LAW

The guideline under USSG § 2E1.3(1)(a)(2) directs the offense level to the underlying crime or racketeering activity. Welch's conduct constitutes an Assault

with Intent to Commit Murder or Attempted Murder, the guideline for which is USSG § 2A2.1.

Pursuant to 18 U.S.C. § 1113, a person Attempts to Commit Murder if, "the Defendant did something that was a substantial step toward killing the victim, and when the Defendant took that step, he intended to kill the victim." *See* Eleventh Circuit's Pattern Jury Instructions for Attempted Murder.

In *United States v. Sandoval*, the defendant was convicted of racketeering conspiracy. 375 F. App'x 985, 986 (11th Cir. 2010). One of the overt acts of that conspiracy involved the defendant and another member of his group going to a rival gang member's apartment and shooting into the apartment's living room window and car. Despite the fact that the defendant was charged with aggravated assault in state court, the Court found that his underlying conduct in shooting at a rival gang member was properly classified as attempted murder. *Id*. The Eleventh Circuit, however, has also affirmed decisions in which the underlying RICO offense was deemed aggravated assault. *See United States v. Ramos,* 798 F. App'x 543, 551 (11th Cir. 2020) (district court did not commit error in finding that the conduct of a defendant who was inside a car when another occupant fired at individuals in another car committed aggravated assault). The inquiry, therefore, is entirely dependent on the facts of each particular case.

ARGUMENT

In this case, Welch and his co-defendant, armed themselves with homemade shanks and pursued J.T. into the grounds of the prison where they began stabbing

3

him multiple times. J.T. got up and walked away before Welch and Williamson got to him a second time and continued the attack until DOC employees deployed pepper spray and physically separated the defendants from J.T. The stabbing was aimed at J.T.'s abdomen and head. These attacks were not simply slashes, but deep gouges to the abdomen near vital organs. The facts in this case demonstrate that the defendants' actions were not a threat to do harm, as aggravated assault calls for, but were instead a premeditated bodily attack on J.T. with the intent to kill.

## SENTENCING FACTORS UNDER 3553(a)

The United States is requesting a sentence of 240 months' imprisonment. The circumstances of the offense and the need to protect the community demand big numbers in a sentence. *See* 18 U.S.C. § 3553(a)(1). A sentence of 240 months' imprisonment will also serve to promote the defendant's respect for the law, deter criminal conduct, protect the community, and avoid unwarranted disparities. See 18 U.S.C. § 3553(a).

A district court must consider all of the listed factors in 18 U.S.C. § 3553(a), it however, is not required to give all of the factors equal weight. *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). A district court is permitted to attach greater weight to certain factors over others. *Id*. (citing *Gall v. United States*, 552 U.S. 38, 57 (2007). The decision about how much weight is assigned to a particular factor is "committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (internal citation omitted).

The nature and circumstances of Welch's attack on J.T. show a calculated and planned brutality in the name of the Unforgiven. The evidence at trial established Welch made inquiries of Kingsley regarding J.T.'s standing. The testimony and video of the attack and aftermath show a proud and smiling Welch walking with an accomplished swagger into the decontamination unit. The evidence at trial also established this was not Welch's first action on behalf of the group. Welch sent Kingsley letters from his next prison location with supporting documents related to an attack.

The defendant's history and characteristics shows an intelligent man who suffered a tragic loss in his personal life and in response turned to a life of crime. At age 20, Welch was prosecuted for marijuana delivery. While on probation, Welch committed new charges in Maryland. At age 26 Welch pawned a stolen bike. A year later Welch committed a robbery and aggravated battery with a hammer. Welch was serving his fifteen-year prison sentence at the time of the instant crime. While incarcerated for the instant offense Welch committed another violent felony and was convicted of battery on detainee, during which he acknowledged he was armed. Welch threatened co-defendants in this case to keep them from cooperating. Welch's behavior is escalating from drug sales to property crimes to brutal and violent crimes.

The defendant clearly lacks respect for the law. Welch's attack on J.T. occurred during a fifteen-year prison sentence for a violent crime. After being detained federally, Welch threatened potential cooperators and committed a new attack resulting in a new conviction. Welch's co-defendant in count one received a

5

sentence of 240 months. Welch should receive the same sentence as he was arguably more responsible with a role over Williamson, and he committed new crimes after this offense.

## CONCLUSION

For these reasons, the United States objects to the calculation of the guidelines for Brandon Welch and seeks a variance for a sentence of 240 months to protect the community.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:  /s/ Samantha E. Beckman
Samantha E. Beckman
Assistant United States Attorney
Florida Bar No. 102533
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:  (813) 274-6000
Facsimile:   (813) 274-6358
E-mail: Samantha.beckman@usdoj.gov

U.S. v. BRANDON WELCH                    Case No. 8:21-cr-218-WFJ-JSS

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Chris Kerr, Esq.

                      By:   */s/ Samantha E. Beckman*
                              Samantha E. Beckman
                              Assistant United States Attorney
                              FL Bar No 102533
                              400 N. Tampa Street, Suite 3200
                              Tampa, Florida 33602-4798
                              Telephone:   (813) 274-6000
                              Facsimile:     (813) 274-6358
                              E-mail: samantha.beckman@usdoj.gov